UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deborah Kennedy,

    Plaintiff,

    v.                                                         Case No. 1:14cv25

Depuy Orthopaedics, Inc.,                           Judge Michael R. Barrett

    Defendant.

**OPINION & ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss Amended Complaint. (Doc. 22). Plaintiff filed a Response in Opposition (Doc. 23) and Defendant filed a Reply (Doc. 27).

**I.    BACKGROUND**

Plaintiff's claims arise out of a surgery performed on her ankle which involved the implantation of Anatomical Locking Plate System screws designed, manufactured, marketed and sold by Defendant Depuy Orthopaedics. Plaintiff alleges that after the surgery she began to experience pain, and a MRI revealed that one of the screws had broken or otherwise failed.

Defendant argues that Plaintiff's claims for negligence, breach of warranty, strict liability, and failure to warn are abrogated by Ohio's Product Liability Act ("OPLA"). Defendant also argued that these claims, in addition to Plaintiff's statutory liability claim fail to state a claim and should be dismissed pursuant to Federal Rule of Civil Procedure

12(b)(6). However, in its Reply, Defendant withdrew its Motion with respect to Plaintiff's statutory liability claim.

## II. ANALYSIS

### A. Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Ohio Product Liability Act abrogation

The OPLA applies to "recovery of compensatory damages based on a product liability claim," in addition to "[a]ny recovery of punitive or exemplary damages in connection with a product liability claim." Ohio Rev. Code § 2307.72(A) & (B). "The OPLA has been held to abrogate claims for strict products liability, negligent failure to

warn, breach of express warranty, and breach of implied warranty." *Mitchell v. Proctor & Gamble*, No. 2:09-CV-426, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1, 2010) (and cases cited therein); *see also* Ohio Rev.Code § 2307.71(B) ("Sections 2307.71 to 2307.80 are intended to abrogate all common law product liability causes of action."). Accordingly, the Court finds that Plaintiff's claims for negligence, breach of warranty, strict liability, failure to warn are dismissed because they are abrogated by OPLA.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 22) is **GRANTED** as to Plaintiff's claim for negligence (Count 1), breach of warranty (Count 2), strict liability (Count 3), and failure to warn (Count 4). Plaintiff's statutory product liability (Count 5) and punitive damages claim (Count 6) remain pending.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           Michael R. Barrett, Judge
                                           United States District Court